Edwards v. USA                          CV-94-182-L    04/13/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

A. Greer Edwards, Jr.


    v.                                              #C-94-182-L

United States of America, et al.


### ORDER ON MOTION FOR TEMPORARY INJUNCTION

The plaintiff initially filed this action in the United States Court Of Appeals for the First Circuit.  The action was then remanded to this court and this action was filed on April 9, 1994.

The plaintiff is the owner and operator of western agricultural property known as Saval Ranching Company which is located in North Fork, Nevada.  The plaintiff has leased land from the defendant government for grazing rights for his cattle There are 1500 head of cattle more or less.

Plaintiff a resident of Wilton Center, New Hampshire has appealed an adverse decision of the Elko Resource Area Manager, Bureau of Land Management (BLM) approving the construction of a new tailings impoundment facility for the Jerritt Canyon Project to the Interior Board of Land Appeals (IBLA).  On February 8, 1994 the IBLA affirmed the decision of the BLM.  Plaintiff seeks review of the decision in this court.  A federal district court has jurisdiction to review a decision of the Interior Board of

Land Appeals under the Administrative Procedure Act. <u>Doria Min. & Engineering Corp. v. Morton</u>, 608 F.2d 1255, 1257 (9th Cir. 1979), <u>cert</u>. <u>denied</u>, 445 U.S. 962 (1980); <u>Roberts v. Morton</u>, 389 F. Supp. 87, 89 (D.Colo. 1975.)

The Jerritt Canyon Project, located approximately 50 miles north of Elko, Nevada, is a joint venture between Independence Mining Company (IMC) and FMC Gold Company. IMC is the operator. Gold ore is mined from open pits within the adjacent Humboldt National Forest and on private lands and processed at the existing Jerritt Canyon Project mill with tailings deposited in the nearby tailings impoundment. The Jerritt Canyon mill and the existing tailings impoundment are located on private land managed by the Elko District.

The plaintiff is the grazing permittee in the Sheep Creek and Mahala Allotments. The defendants allege that the proposed project would result in a temporary reduction of active grazing preference of three percent. The plaintiff alleges that it would be more than three percent.

The new proposed tailings pond has not been constructed to the present date, in part, because the Nevada Division of Environmental Protection (NDEP) has recently determined that the seepage from the extant tailings impoundment, now is being effectively controlled. IMC may in the future need a new

2

facility as a back up.

An injunction is an "extraordinary" remedy which does not issue as a matter of course. Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982).

To determine the appropriateness of granting or denying a preliminary injunction the First Circuit has instructed trial courts to use a quadripartite test, taking into account.

1. The likelihood of success on the merits;

2. The potential for irreparable injury;

3. A balancing of the relevant equities (most importantly), the hardship to the nonmovant if the restrainer issues as contrasted with the hardship to the movant if the interim relief is withheld); and

4. The effect of the public interest of a grant or denial of the restrainer.

Narragansett Indian Tribe v. Guilbert, 934 F.2d 4,5 (1st Circuit. 1991).

It appears that the plaintiff is prematurely seeking the extraordinary relief of a preliminary injunction. IMC at the present time may continue to dispose of its tailings as it has done in the past. It is also possible in the future that IMC may have to take advantage of the order of the record of decision which is the subject matter of this case, The 1993 Tailings Pond

3

Authorization.

The plaintiff has suffered no irreparable harm at the present time and it is distinctly possible that he will suffer none in the future.

This court must also apply the deferential standard of review to the federal agency's determination.

Judicial review of an agency's compliance with NEPA is governed by section 10 of the Administrative Procedure Act, 5 U.S.C. § 701, et seq. . . . A reviewing court must hold unlawful any agency action, findings and conclusion that are "`arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law . . .'".

The standard of review is highly deferential; the court must presume the agency action to be valid. Sierra Club v. March, 976 F.2d 763,769 (1st Cir. 1992).

IMC might suffer harm if this court were to issue a preliminary injunction, if it incurred a tailing problem with its present facility.

Motion for a temporary injunction is denied.

April 13, 1995

_____
Martin F. Loughlin
Senior Judge

A. Greer Edwards, Jr.
Gretchen Leah Witt, Esq.
Steven P. Quarles, Esq.
Steven M. Gordon, Esq.